

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RYAN NELSON, a single man,

> Plaintiff-counter-defendant -
> Appellant,

v.

NAVIGATOR INSURANCE
COMPANY, a foreign corporation;
NIC INSURANCE COMPANY,
a foreign corporation,

> Defendants-counter-claimants
> - Appellees.

No. 13-17237

D.C. No. 2:12-cv-01620-SMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted December 10, 2015
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: CLIFTON and OWENS, Circuit Judges and MOSKOWITZ,[**] Chief District Judge.

Plaintiff Ryan Nelson appeals the district court's grant of summary judgment in favor of Defendants Navigators Insurance Company and NIC Insurance Company. We affirm.

Ikon's commercial general liability policy limited coverage to claims arising out of damage to tangible property. On appeal, Nelson has not challenged the district court's holding that Ikon's insurers had no duty to defend Ikon under the text of the policy.

Nelson argues that even if Ikon was not entitled to coverage under the policy terms, Arizona's reasonable expectations doctrine entitled Ikon to coverage. In order for the reasonable expectations doctrine to apply, the facts of the case must be sufficiently similar to one of four narrow situations listed in *Gordinier v. Aetna Casualty & Surety Co.*, 742 P.2d 277, 283-84 (Ariz. 1987). Nelson argues that each situation is applicable here.

The first *Gordinier* situation arises when a reasonably intelligent consumer would not be able to understand the contract term even if he or she were to check on his or her rights. *Id.* at 283. Ikon was not entitled to coverage under this

---

[**] The Honorable Barry Ted Moskowitz, Chief District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

situation because Defendants' denial of coverage was predicated on the distinction between tangible and intangible property, a distinction that should be clear and unambiguous to a reasonably intelligent consumer. *See Travelers Indem. Co. v. State*, 680 P.2d 1255, 1258 (Ariz. Ct. App. 1984) ("[T]he term 'tangible property' is not ambiguous and clearly excludes choses in action[.]").

The second *Gordinier* situation arises when the insured lacks full and adequate notice of the term in question, and the term is either unusual or unexpected, or one that emasculates coverage. *Gordinier*, 742 P.2d at 284. Nelson failed to show that the term defining property as tangible property was unusual or unexpected, or one that emasculated apparent coverage. *Id.*

The third and fourth *Gordinier* situations arise when some activity "reasonably attributable to the insurer" created either an "objective impression of coverage" on the part of the insured or would have created such an impression on the part of a reasonable insured. *Id.* Nelson failed to produce evidence of any specific conduct on the part of Defendants that led or should have led Ikon or its agents to believe that the insurance policies covered claims arising out of damage to intangible property. Moreover, Kara Poole's deposition testimony supported the district court's finding that Defendants took no action to induce Poole to believe that the policies provided coverage for spoliation claims. The third and fourth

*Gordinier* situations therefore did not entitle Ikon to coverage in the underlying state court action.

**AFFIRMED.**